IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/07/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

EDUARDO HURTADO GUERRA,

Petitioner,

v.

Secretary, Department of Homeland Security; and Director, Immigration and Customs Enforcement,

Respondents.

Case No. 26-3311-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **October 19, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

Petitioner, a native of Cuba, was paroled into the United States in January 2025. He was arrested by a sheriff's deputy on August 7, 2026, and immigration officials took petitioner into custody on August 11, 2026. Petitioner is presently confined within this judicial district. On August 21, 2026, petitioner filed the instant habeas action; respondents

have filed an answer, and the deadline for a traverse from petitioner has now passed, and the matter is therefore ripe for ruling.

Petitioner claims that his detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that his arrest by a sheriff's deputy violated the Fourth Amendment and that he was mistreated while in that prior custody. As respondents note in their answer, however, an illegal arrest does not affect the lawfulness of removal proceedings. *See I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984). Moreover, any such constitutional violations occurred not at the hands of these respondents, but while petitioner was in the custody of state law enforcement, prior to his custody by immigration officials. Petitioner has not cited any authority to support a claim for release or any other relief based on violations occurring prior to immigration detention. Accordingly, the Court denies any such claim for release.[1]

Petitioner also challenges his detention without a bond hearing. Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present

---

[1] Petitioner also claims that "humanitarian" circumstances, including his wife's condition, justify his release. Such circumstances may be relevant in his bond hearing, but this Court lacks authority to grant relief on that basis in the absence of a showing that the Government lacks legal authority to detain petitioner.

in the United States for a period of time when he was detained. Respondents nevertheless contend that petitioner is subject to 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings. In cases involving the same issue, this Court has rejected the Government's interpretation of that statute in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under 8 U.S.C. § 1226(a) (which allows for discretionary release on bond). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into the United States. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Khudyi*, and they therefore acknowledge that the reasoning of the cited cases would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's request for release. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **October 19, 2026**.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **October 19, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

IT IS SO ORDERED.

Dated this 7th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge